**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-7374**

———————

CHARLES GENE ROGERS,

Petitioner - Appellant,

versus

DON G. WOOD,

Respondent - Appellee.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cv-00269-JAB)

———————

Submitted: December 20, 2006          Decided:  July 11, 2007

———————

Before WILLIAMS, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Charles Gene Rogers, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Gene Rogers, a North Carolina inmate, appeals the district court's orders dismissing his action filed pursuant to 28 U.S.C. § 2241 (2000) and denying his motion for reconsideration. We vacate and remand.

In his § 2241 petition, Rogers challenged his convictions for murder and robbery. He filed the petition in the Middle District of North Carolina, where he is incarcerated. He was convicted and sentenced in Wayne County, North Carolina, which is in the Eastern District of North Carolina. See 28 U.S.C. § 113 (2000). The district court dismissed the action upon the finding that it should have been filed in the Eastern District of North Carolina.

A state prisoner incarcerated in a state with two or more judicial districts may file a habeas corpus petition in either the district of confinement or the district where the defendant was convicted and sentenced. 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 497 (1973). Thus, under the statute, Rogers' action was properly filed in the Middle District of North Carolina. While the district court could have transferred the petition to the Eastern District of North Carolina, see 28 U.S.C.A. § 2241(d) (explaining that a district court, "in the exercise of its discretion and in furtherance of justice," may

transfer a § 2241 petition to the district of conviction or the district of confinement), it erred in dismissing the petition.

Accordingly, we vacate the district court's orders and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>